IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No.  3:10-CV-1416-K |
| | § | |
| TRIDENT GROWTH FUND, L.P. | § | |
| | § | |
| Defendant. | § | |

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Trident Growth Fund, L.P. ("Trident") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of Trident to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Trident's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the  general partner, managers, officers, directors, investment advisors and other agents of Trident under applicable state and federal law, by the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited

partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.  The [general partner, managers, officers, directors, investment advisors and agents of Trident are hereby dismissed.  Such persons shall have no authority with respect to Trident's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of Trident and shall pursue and preserve all of its claims.

3. The past and/or present general partners, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of Trident, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Trident and its assets and all other assets and property of the corporation, whether real or personal.  The former General Partner and/or other agent of Trident, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Trident as well as the names, addresses and amounts of claims of all known creditors of Trident.  Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets.  All persons having control, custody or possession of any assets or property of Trident are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of

Trident, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Trident, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Trident had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Trident, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. Trident's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Trident and

other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, upon reasonable notice, answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Trident.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Trident, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Trident, the Receiver shall make its discovery request(s) in compliance with the notice, subpoena and other Federal Rules of Civil Procedure.

      7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Trident or any assets of Trident, including subsidiaries, partnerships and other business combinations of Trident, wherever located, or involving Trident, the Receiver, or any of Trident's past or present officers, directors,  managers, agents,  limited partners or general partner (including the general partner and the members of Trident's general partner) sued for, or

in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Trident or any assets of Trident, including subsidiaries, partnerships and other business combinations of Trident, wherever located, and excluding the instant proceeding, or involving Trident, the Receiver, or any of Trident's past or present officers, directors, managers, agents, or limited partners or general partner (including the general partner of Trident and the members of Trident's general partner) sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts, agencies, arbitrations or other body having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Trident against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against the commencement of legal proceedings is in effect.

10. Trident and its past and/or present managers, general partner or limited partners, officers, directors, agents, investment advisors, employees and other persons

acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Trident to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of Trident, from the SBA, up to $1,000,000, and is authorized to cause Trident to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Trident, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Trident.

12. This Court determines and adjudicates that Trident has violated 13 C.F.R. § 107.1810 and 13 C.F.R. § 107.1830 of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that Trident's license as an SBIC be revoked.

13. Judgment is hereby entered in favor of SBA and against Trident in the amount of $22,427,062.70, including principal of $20,865,000 and accrued interest of

$1,562,062.70 through June 1, 2010, with a per diem rate of $3,631,04 up until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered.

Signed July 20th, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

**SEEN AND AGREED BY TRIDENT GROWTH FUND, L.P. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

TRIDENT GROWTH FUND, L.P.
By: Trident Management LLC, its General Partner

By:    /s/ Scotty D. Cook
       Scotty D. Cook, Principal

U.S. SMALL BUSINESS ADMINISTRATION

By:    /s/ Thomas G. Morris
       Thomas G. Morris, Director
       Office of SBIC Liquidation